UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN HEERY,

                    Plaintiff,

               -against-                      **SUMMARY ORDER OF REMAND**
                                                         17-CV-1962 (DLI) (PK)
THE STOP & SHOP SUPERMARKET
COMPANY LLC., and FIRST STOP INC.,

                    Defendants.
-----------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On April 5, 2017, defendant The Stop and Shop Supermarket Company, LLC ("Stop & Shop") removed this action from the New York State Supreme Court, Queens County to this Court. *See,* Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to the state court, *sua sponte*.

## BACKGROUND

On November 22, 2016, Plaintiff John Heery ("Plaintiff") commenced a state court action against Stop & Shop and First Stop, Inc. ("First Stop") (collectively, "Defendants") sounding in negligence that arose out of a slip and fall accident at a supermarket. (Complaint ("Compl.") at ¶¶ 5, 22, Notice Ex. A.)

Stop & Shop asserts federal subject matter jurisdiction in this case, based on diversity, pursuant to 28 U.S.C. § 1332 contending removal is proper under 28 U.S.C. § 1441. (Notice at ¶¶ 2, 3.) Stop & Shop alleges that the action involves a controversy between citizens of different states, asserting that Plaintiff is a citizen of Queens County, New York and Stop & Shop has its principal place of business in Massachusetts. (*Id.* at ¶ 4.) Stop & Shop does not address the citizenship of First Stop. The Notice is silent also as to whether First Stop consented to the removal

of this case to this Court prior to its being removed. To satisfy the amount in controversy requirement, Stop & Shop alleges, upon information and belief based on Plaintiff's Verified Bill of Particulars ("Bill of Particulars"), attached to the Notice, that Plaintiff's amount in controversy exceeds the $75,000 threshold. (*Id.* at ¶ 5, Ex. C.) However, Plaintiff's Bill of Particulars does allege that damages exceed $75,000. Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold issue, the Court must determine whether it is permissible for a federal district court to remand a case to a state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded.

The Second Circuit has construed this statute as authorizing district courts to remand *sua sponte* under two circumstances: (1) within 30 days of the filing of the notice of removal, if the district court remands the case on procedural grounds; and (2) at any time, if the district court finds that it does not possess subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006). In the case at bar, the Court finds that remand is proper on procedural grounds and because this Court does not possess subject matter jurisdiction.

### I. Removal Violates the Rule of Unanimity

Section 1446(b) requires defendants to file the notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This statute also provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §

2

1446(b)(2)(A).

Removal jurisdiction must be strictly construed, "'both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.'" *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324 (E.D.N.Y. 1998) (quoting *In re NASDAQ Market Makers Antitrust Litigation*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). Any doubts must be resolved against removability due to the respect accorded the limited jurisdiction of the federal courts and the rights of states. *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Therefore, courts within the Second Circuit have imposed upon the removing party the burden of proving that it has met all the requirements for removal. *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp.2d 659, 666 (E.D.N.Y. 2012); *see also BCAT REO LLC v. Gordon*, 2015 WL 5664421, at \*2 (E.D.N.Y. Sept. 24, 2015); *Codapro Corp.*, 997 F. Supp. at 325; *Avon Products, Inc. v. The A/J Partnership*, 1990 WL 422416, at \*1 (S.D.N.Y. March 1, 1990).

The removal statute does not contain any exceptions suggesting that a district court has discretion to excuse prescribed procedures. *Codapro Corp.*, 997 F. Supp. at 325 (citations omitted). For cases in which federal jurisdiction is based solely on diversity, "'there is widespread agreement among the district courts, including those in the Second Circuit, that all named [defendants] must join in the removal petition for removal to be proper.'" *Id.* (quoting *Town of Moreau, et al. v. The New York State Dep't of Environmental Conservation, et al.*, 1997 WL 243258, at \*2 (N.D.N.Y. May 5, 1997).

This rule of unanimity requires that all named defendants in a proceeding file with the court some form of unambiguous written evidence of consent to removal in a timely manner. *Id*. Mandating written consent to remove "is consistent with the notion that filing requirements are

3

strictly construed and enforced in favor of remand." *Id*. at 326 (internal quotation marks omitted).

There is no evidence here that First Stop consented to the removal. Stop & Shop does not allege in its Notice that First Stop consented to the removal and, more importantly, this Court has received no submission from First Stop consenting to the removal. Thus, removing the instant action would violate the Rule of Unanimity.

## II.     Removal Violates the Complete Diversity Requirement

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is properly invoked only where there is complete diversity of citizenship between the parties, such that each defendant is a citizen of a different state than each plaintiff. *See Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Graves v. Home Depot U.S.A., Inc.*, 2013 WL 3055348, at *1 (S.D.N.Y. May 24, 2013). There is no evidence of complete diversity between the parties in the instant case. The Complaint alleges that both Plaintiff and First Stop are citizens of New York. (Compl. ¶¶ 1, 3.) Stop & Shop neither acknowledges nor disputes First Stop's New York citizenship. (*See* Notice.) Accordingly, complete diversity of the parties is lacking, thus precluding subject matter jurisdiction under 28 U.S.C. § 1332.

## III.    Removal Violates the Amount in Controversy Requirement

With respect to the amount in controversy requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994). Stop & Shop fails to meet its burden to show that the jurisdictional amount has been satisfied, as it relies solely on an inference drawn from Plaintiff's Bill of Particulars, which is silent on the amount of damages.

Stop & Shop cannot rely on Plaintiff's silence as to the amount of damages in the Bill of

Particulars as the basis for removal. To infer from Plaintiff's silence that the amount in controversy is met does not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. Plaintiff's failure to respond to requests conceding that the amount in controversy exceeds $75,000 is insufficient to establish that the jurisdictional amount is satisfied. *See Keenan v. Macy's, Inc.,* No. 10 CIV. 4672 HB, 2010 WL 3167731, at *2 (S.D.N.Y. Aug. 9, 2010) (finding that a Bill of Particulars describing injuries but failing to explicitly state that damages exceed the jurisdictional amount fails to provide a basis for removal). Therefore, because Defendants failed to meet their burden, the Court lacks subject matter jurisdiction over this case.

## CONCLUSION

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 13163/2016.

SO ORDERED

Dated: Brooklyn, New York　　　　　　　　　　　　/s/
　　　　May 3, 2017　　　　　　　　　　　　　Dora L. Irizarry
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge